UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 3:23-CR-115 |
| v. ) | |
| ) | JUDGE CRYTZER |
| DAN ROARK, ) | |

## UNITED STATES SENTENCING MEMORANDUM

DUTY TO PROTECT, HONOR TO SERVE. The Knoxville Police Department (KPD) motto. Not the motto of the defendant although he was a KPD sixteen year veteran. The defendant presented himself to the public as an upstanding law enforcement officer but for at least four of the sixteen years of service he kept his dark secret from the public and his co-workers. Defendant is a child sex predator. For years the defendant had an affair with his co-conspirator, the mother of his victim. During that time the defendant manipulated the co-conspirator who lived in another state to produce child pornography (CP) of her child. The co-conspirator would masturbate and molest her young daughter then send the CP over the internet to the defendant. The evidence shows the molestation began when the daughter was six years of age and continued for four years until the two were caught.

Ironically what got the two defendant's brought to justice was their victim acting out as a result of years of sexual abuse foisted on her by the defendant and his co-conspirator. The victim mimicked what she had learned from being sexually abused and self-produced CP. She then sent it through the internet to another person. [Doc. 38, ¶ 16]. A tip was called in to local law enforcement. [Id. at ¶ 16].

The co-conspirator was approached by law enforcement in her hometown in Virginia and allowed them to examine her child's cell phone. [Id. at 17]. The co-conspirator had previously used the phone and had neglected to delete the criminal contents before giving the phone to her

child. [Id. at 16]. The phone contained CP images of the victim. [Id. at 17]. Texts were located associated with the CP images. [Id.]. Through investigation it was learned the texts were between the co-conspirator and the defendant's cell number. [Id.]. The texts went back to 2019, wherein the defendant demanded specific CP images of the victim. [Id. at 21]. The co-conspirator complied and texted the CP images to the defendant. [Id.].

Law enforcement obtained the content from the defendant's Verizon wireless account. [Id. at 27]. On August 8, 2023, the Verizon account showed the defendant and the co-conspirator were still actively communicating. [Id.]. The defendant demanding CP images and videos and the co-conspirator supplying them. [Id.]. Defendant's predilection for images of the victim were close-ups of her genitalia. Often times images showed the genitalia area being masturbated by the co-conspirator. [Id. at 18, 24, 25].

**Factors to be Considered Under 18 U.S.C. § 3553(a) in Sentencing the Defendant**

Negotiating pleas in any crime where the victim is a sexually abused child is difficult. Applying the guideline enhancements to the facts in these cases are complex and often times subjective. No amount of time served will take away the scars of the victims. The victims suffer lifetime affects from their sexual victimization. How can the child's sexual victimization be quantified? In this case defendant's crimes spread further than the affects he had on the victim and her family. Defendant shattered the trust of his KPD work colleagues and friends, who confided in him and trusted him with their lives because he was part of the police fraternity. His crimes marred the reputation of KPD whose success depends on the communities' trust. Lest we forget his family who must deal with the crimes both publicly and privately.

No matter the difficulty, a sentence must be handed down that is sufficient but not greater than necessary to comply with the 18 U.S.C. § 3553(a) factors. In this particular cases it is important to focus on the seriousness of the offense, promoting respect for the law and providing

just punishment.

   a. *Reflect the seriousness of the offense, to promote respect for the law and provide just punishment.*

      i. <u>Reflect the seriousness of the offense</u>.

The seriousness of the offense in and of itself was extreme! But what makes his crimes that much more horrific is the trusted person he held himself to be to his community. The defendant chose a career as a police officer. He signed a literal oath to serve and protect on May 9, 2008. Society places a great deal of faith that the oath will be followed. Defendant violated that oath. For years defendant hid behind his badge while conspiring with the co-conspirator for sexually explicit photos of their young victim.

Another factor that made the crime horrific was the defendant's ability to manipulate his co-conspirator. The content of their texts and the interviews of the co-conspirator showed the defendant was a manipulator. Defendant lied to the co-conspirator. During the years long relationship, co-conspirator believed the defendant's name was "Dan Thomas" and that he was a State Trooper. [Id. at 28]. Defendant's Verizon content corroborated co-conspirator's statement. A chain of texts had an image taken by the defendant of an envelope addressed to co-conspirator where the return address indicated the envelope was from "Dan Thomas."[Id.]. The return address was nonexistent. The background of the image showed the defendant was in his police vehicle in his work attire, committing his crimes while on the job. The envelope contained money used to keep co-conspirator sending the CP of her child. [Id.]. Texts between the two corroborated the defendant was sending money for the CP. [Id. at 29]. Defendant and co-conspirator never lived in the same state, yet he could manipulate her long distance. Their relationship was on again off again. At some point, co-conspirator married another man and the victim was born. Defendant was known to the victim as "daddy Dan." During the relationship, the defendant would travel to Virginia spending time with the victim, her brother and the co-

conspirator. The brother reported that often times he would be left alone for hours when the defendant, co-conspirator and victim would leave in the defendant's vehicle.

Defendant had no intentions of being caught or go to prison for his crimes. He obstructed justice during his ongoing crimes. Per design, the co-conspirator only knows the defendant as Dan Thomas, Tennessee State Trooper. The investigation revealed the defendant installed a VPN on his cell phone while demanding and receiving CP of the victim. Defendant specifically put the settings to make his user records show his content was coming from Spain. [Id. 33]. Defendant continued his attempts to thwart detection when he learned local Virginia law enforcement was going to forensically interview his victim. On the same day the co-conspirator texted the information of the forensic interview scheduled for the victim, defendant, never having a passport before went and got a passport picture. [Id. at 32]. When he was arrested, on the passenger seat of the defendant's assigned police vehicle was located his birth certificate, a receipt for the passport's photos and a passport form [Id.]. The items demonstrate his intention for flight. Comparison of defendant's phone and contents from Verizon demonstrate that defendant had wiped his phone of communication with the co-conspirator to avoid prosecution.

    ii.    <u>Promote Respect for the law</u>.

Attempting to pronounce a sentence that will make the defendant respect the law is a waste of time and effort. However, imposing a hefty sentence on the defendant that will make the public take notice is essential to facilitate repairing the damage caused by the defendant to KPD's trust from the public and its reputation.

As previously stated, and bears repeating, every day, law enforcement officers put their lives on the line to serve and protect their communities. A police officer sworn to serve and protect sends a message to the community that he/she accepts the community's expectation of exemplary character. If the community does not trust its law enforcement the system breaks

down and the community and law enforcement lives are put in danger. Every time an officer breaks the law, there is a "chink in the armor" protecting the community. When a police officer commits a sex crime against a child, the level of harm is incalculable because there is no justification for the crime.

Defendant chose to be a public servant understanding the immense responsibility that comes with being a police officer. He not only victimized a child, but he put doubt into the minds of his community making the jobs of KPD officers' that much harder. Defendant victimized every member of KPD and sullied the department's reputation!

The defendant's sexual crimes against a child violated his community's expectations of him as career law enforcement. This must be considered in fashioning a proper sentence for the defendant. The lost trust may never be repaired but at least a hefty term of imprisonment sends a message to the community that his crimes committed while being a KPD officer will not be tolerated.

    iii.    <u>Just Punishment.</u>

As disturbing as this crime is, considering all the facts in this case, a 300-month sentence of imprisonment is sufficient but not greater that necessary to satisfy the 18 U.S.C. § 3553(a) factors specifically those discussed above.

The defendant has entered into plea agreement of the kind specified in Federal Rules of Criminal Procedure 11(c)(1)(C). The parties attempted to calculate the guideline range and believed it would be a guideline range of two hundred sixty-two to three hundred twenty-seven. The United States agreed to cap the sentence to three hundred months (300) and the defendant agrees to ask for a sentence of no lower than two hundred and sixty-two months (262) followed by a term of supervised release as well as any lawful fines, special assessment fees, forfeiture and restitution imposed by the Court.

If a plea agreement includes a specific sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Court may accept the agreement if the Court is satisfied that: (1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the guideline range for justifiable reasons; and (B) those reasons are set forth with specificity in the statement of reasons form. See U.S.S.G. §6B1.2(c).

The 11(c)(1)(C) agreement between the parties is below the calculated guideline range of life. The United States respectfully asks this Court to sentence the defendant to three hundred months (300) imprisonment for justifiable reasons which due to their sensitive nature will not be placed in this public document but discussed at the sentencing hearing.

## Conclusion

It is imperative society's children are protected from this child predator hiding behind his badge. The only way to ensure this protection is a 300-month sentence of imprisonment followed by a lifetime of supervised release and any appropriate fines, restitution and forfeiture the Court finds appropriate.

Respectfully submitted this 30th day of January 2025.

FRANCIS M. HAMILTON, III
UNITED STATES ATTORNEY

By: s/ *Jennifer Kolman*
Jennifer Kolman
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167
jennifer.kolman@usdoj.gov
GA Bar #427930